IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LESLIE PITRE, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-CV-412 |
| | § | |
| CHEVRON U.S.A. INC., et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

This case arises out of the tragic death of Nicholas Pitre ("Decedent") on May 11, 2006. Now before the Court is Defendants' Motion to Transfer to the Eastern District of Louisiana. For the reasons stated below, Defendants' Motion is **GRANTED**, and this case is **TRANSFERRED** to the New Orleans Division of the Eastern District of Louisiana.[1]

## I. Background

In May, 2006, Nicholas Pitre was working at a terminal facility owned by C-Port, LLC. Mr. Pitre was killed when a heavy weight used to compact trash fell off of a forklift onto Mr. Pitre. This lawsuit was filed by Leslie Pitre, Decedent's widow, against Chevron U.S.A. Inc. ("Chevron"), BP Exploration & Production, Inc., and BP America Production Company (collectively "BP").

## II. Legal Standard

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought."  28 U.S.C. § 1404(a).  The movant bears the burden of demonstrating to the Court that it should transfer the case.  *See Peteet v. Dow. Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on defendant to demonstrate why the forum should be changed.").   In determining whether a venue transfer is warranted, the Court considers the availability and convenience of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference.  *See, e.g., Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S. D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S. D. Tex. 1993); *Continental Airlines, Inc. v. Am. Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992).  The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard.  *See Peteet*, 868 F.2d at 1436.

## III.  Analysis

### A.  *Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis.  *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H.

Cooper, *Federal Practice & Procedure* § 3851, at 415 (1986)).  To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony.  *See id.* (citing *Dupre*, 810 F. Supp. at 825).

In this case, the most significant witness is Rubiel Correa, the forklift operator at the time of the accident.  Mr. Correa's permanent residence is in Cut Off, Louisiana, but he is currently serving a ten month prison sentence with the United States Bureau of Prisons.  Defendants also list another eyewitness to the accident, Gideon Yoder.  Mr. Yoder is a resident of Keithville, Louisiana.  Two Greater Lafourche Port Commission police officers responded to the accident, and both of them reside in the Eastern District of Louisiana.  In addition, a Louisiana OSHA investigator responded to the accident.  Several employees at the C-Port facility who live in Louisiana are also expected to testify about safety in the facility.[2]

Plaintiff lists Roberto Hernandez, a resident of Pasadena, Texas, as a critical fact witness.  Mr. Hernandez saw Mr. Pitre immediately after the accident.  In addition, Plaintiff lists several BP and Chevron representatives who work in Houston.  It appears that there are potential witnesses scattered from here to New Orleans.  Accordingly, this factor does not weigh for or against transfer.

B.  *Location of Books and Records*

This factor is generally of little importance in a personal injury case.  The Parties have not given the Court any reason to believe that the records are so voluminous that

---

[2] Defendants also list many other people who were present at the facility on the day of the accident. However, none of them saw the accident or are aware of the events leading up the accident.  These witnesses cannot be considered key witnesses, and their convenience is of no importance in the Court's analysis.

transfer or retention would greatly impact the burden of document production. This factor does not support transfer.

### C.  Cost of Obtaining Witnesses and Other Trial Expenses

While a trial anywhere is accompanied by expense, there is no indication that a trial here will be substantially more expensive than one in New Orleans, especially when there are witnesses all over. The Court finds that this factor does not weigh in favor of transfer.

### D.  Place of the Alleged Wrong

This accident occurred in Louisiana, and has no other connection to this Division. This factor weighs strongly in favor of transfer.

### E.  Possibility of Delay

This case is set for June of this year. While that is a relatively close trial date, Defendant's filed their Motion over two months ago, and the delay in a ruling on the Motion is due to Plaintiff's late response. Accordingly, this factor does not weigh for or against transfer.

### F.  Plaintiff's Choice of Forum

Plaintiffs' choice of forum is generally entitled to great deference. However, Plaintiff does not live in this District or Division. Since this case has no other connection to this Division, Plaintiff's choice of forum is entitled to substantially less deference.

## IV.  Conclusion

Since this case is so intertwined with the Eastern District of Louisiana, and the convenience of most affected parties will be enhanced by transfer, Defendants' Motion to Transfer Venue is **GRANTED**. This case is **TRANSFERRED** to the New Orleans

Division of the Eastern District of Louisiana.  Any Motions that remain pending are left to the discretion of the transferee Court.  All Parties are to bear their own costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 5th day of April, 2007, at Galveston, Texas.

Samuel B. Kent
United States District Judge